IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41234
Summary Calendar
_____


TERRY DUNN,

                                    Plaintiff-Appellant,

                    versus

US BRASS CORPORATION; ELJER INDUSTRIES;
METROPOLITAN LIFE INSURANCE COMPANY;
TRAVELERS INSURANCE COMPANY,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:99-CV-65-JKG
--------------------
December 7, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Terry Dunn appeals the judgment, following a bench trial by a magistrate judge, dismissing Dunn's suit for wrongful denial of long-term disability ("LTD") benefits.  Dunn had filed his claim pursuant to the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Dunn contends that the magistrate judge erred in determining that the disability definition relied on by defendants

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was the applicable definition under the LTD benefit plan provided to Dunn as a United States Brass Corporation truck driver. Dunn also contends that the plan was not an ERISA plan. Finally, Dunn contends that the magistrate judge relied on inadmissible hearsay in making her determinations.

The magistrate judge did not err in determining that the LTD plan constituted an ERISA plan. See McNeil v. Time Ins. Co., 205 F.3d 179, 189 (5th Cir. 2000); Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993). The magistrate judge did not err in determining that the disability definition contained in correspondence between the defendants and Dunn and in the summary plan description ("SPD"), and relied on by defendants in denying benefits, was the applicable definition. See Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 601 (5th Cir. 1994). Finally, Dunn has not shown that the magistrate judge abused her discretion in admitting evidence, nor that errors in the admission of evidence, if any, affected his substantial rights. See Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1329 (5th Cir. 1996).

**AFFIRMED.**